UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-05/07/09 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WALTER O'SHEA CURRY (05), MICHAEL F. MOORE (07), & JAMES HARRISON, JR. (09) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Walter O'Shea Curry's ("Curry") Motion to Vacate, Set Aside or Correct by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Record Document 575), Michael F. Moore's ("Moore") Motion to Vacate, Set Aside or Correct by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Record Document 579), and James Harrison, Jr.'s ("Harrison") Supplemental Motion to Vacate, Set Aside or Correct by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Record Document 577). The motions were filed in light of Dorsey v. U.S., — U.S. —, 132 S.Ct. 2321 (2012), which held that defendants sentenced on or after August 3, 2010, regardless of the date of their offense, are entitled to be sentenced under the new statutory mandatory minimum sentence for crack cocaine offenses set forth in the Fair Sentencing Act ("FSA") of 2010.

The Government answered each of the motions and does not contest that Dorsey can be raised in the instant Section 2255 motions. See Record Documents 595-597. The Government does request the opportunity to file a detailed sentencing memorandum before the Court considers reducing the defendants' sentences. See id. For the reasons set forth below, the Section 2255 motions (Record Documents 575 & 579) filed by Curry and Moore and the Supplemental Section 2255 motion (Record Document 577) filed by Harrison are

**GRANTED** and resentencings will be set by further order of the Court.

## BACKGROUND

Curry was convicted of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. On September 8, 2011, he was sentenced to 180 months imprisonment. Curry is presently in federal custody serving his sentence at the Federal Correctional Institute located in Forest City, Arkansas.

Moore was convicted of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. On September 1, 2010, he was sentenced to 120 months imprisonment. Moore is presently in federal custody serving his sentence at the Federal Correctional Institute located in Memphis, Tennessee.

Harrison was convicted of one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. On September 8, 2010, he was sentenced to 240 months imprisonment. Harrison is presently in federal custody serving his sentence at the Federal Correctional Institute located in Texarkana, Texas. Harrison has a pending *pro se* Section 2255 motion. See Record Document 430. The Court reserves ruling on Harrison's *pro se* motion. The instant Section 2255 motion relates only to Dorsey and resentencing under the FSA of 2010.

On June 18, 2008, the Office of the Federal Public Defender ("the FPD") filed Motions to Appoint Counsel as to Curry, Moore, and Harrison. See Record Documents 240, 242 & 244. In the motions, the FPD requested that it be appointed for the limited

purpose of filing petitions under 28 U.S.C. § 2255 seeking relief under Dorsey. See id. The motions to appoint were granted on June 20, 2013. See Record Documents 247-249. The Section 2255 motions, which were also filed on June 18, 2013, are now ready for disposition.

## LAW AND ANALYSIS

**I.    Section 2255.**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, only a narrow set of claims is cognizable with respect to a Section 2255 motion. See 28 U.S.C. §§ 2241, 2254. The four bases contained in the statute are:

(1)    the sentence was imposed in violation of the constitution or laws of the United States;

(2)    the court was without jurisdiction to impose the sentence;

(3)    the sentence exceeds the statutory maximum sentence; or

(4)    the sentence is "otherwise subject to collateral attack."

28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979).

As noted previously, the Government does not contest that Dorsey can be raised in the instant Section 2255 motions. Additionally, the Section 2255 motions are timely under 28 U.S.C. § 2255(f)(3) because they were filed within the one year period of limitation

from the date the right asserted was recognized by the Supreme Court in Dorsey on June 21, 2012.

## II.  Fair Sentencing Act and Dorsey.

Congress enacted the FSA on August 3, 2010.  The Act increased the amount of crack cocaine that triggers the five year mandatory minimum sentence for 5 grams to 28 grams and increased the amount of crack cocaine that triggers the ten year mandatory minimum sentence from 50 grams to 280 grams.  See 21 U.S.C. § 841.  The United States Court of Appeals for the Fifth Circuit held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." U.S. v. Tickles, 661 F.3d 212, 215 (5th Cir.2011).  However, the Supreme Court abrogated this decision with Dorsey, — U.S. —, 132 S.Ct. 2321 (2012), wherein the Court held that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." Id. at 2331.

Curry, Moore, and Harrison qualify for relief pursuant to the Supreme Court's decision in Dorsey.  Their offenses occurred before the effective date of the FSA.  Yet, they were all sentenced after the FSA's enactment on August 3, 2010.  At their sentencings, this Court applied the old, pre-FSA mandatory minimums.  Accordingly, Curry, Moore, and Harrison are entitled to a resentencing.

## CONCLUSION

The Court hereby **GRANTS** the Section 2255 motions (Record Documents 575 & 579) filed by Curry and Moore and the Supplemental Section 2255 motion (Record

Document 577) filed by Harrison. Resentencings will be set by further order of the Court.

Both the Government and the defense will be permitted to file resentencing memoranda.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**IT IS ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of October, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE