**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES T. HARRISON, JR. | CRIMINAL ACTION NO. 09-00279-09 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is James T. Harrison, Jr.'s ("Harrison") "Motion for Modification or Reduction of Sentence Pursuant to Amendment 794" (Record Document 848). Harrison seeks reduction of his sentence based upon the application of the recent amendment 794 to § 3B1.2 of the United States Sentencing Commission Guidelines. He contends the amendment is retroactive, and should therefore be applied to reduce his sentence. For the reasons contained in the instant Memorandum Order, Harrison's Motion is **DENIED**.

Harrison is not entitled to relief under § 3582(c)(2). 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not. See United States v. Guerrero, 2017 WL 2703676, *1 (5th Cir. 2017), citing Dillon v. United States, 560 U.S. 817, 826 (2010); see also United States v. Porter, 335 Fed.Appx. 408,

1

409 (5th Cir. 2009). Therefore, Amendment 794 cannot be retroactively applied under § 2582(c)(2).

Insofar as Harrison contends Amendment 794 is a clarifying amendment that should be applied retroactively even though it is not listed in Guideline § 1B1.10, the Fifth Circuit has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10. See Porter, 335 Fed.Appx. at 410. The authority upon which Harrison relies, United States v. Sanchez-Villarreal, 857 F.3d 714 (5th Cir. 2017), involved the retroactivity of Amendment 794 on a direct appeal and is not controlling. This is not a direct appeal, and persuasive authority indicates that Amendment 794 does not apply retroactively in this case. See Guerrero, 2017 WL 2703676 at *1; Porter, 335 Fed.Appx. at 410. Therefore, Harrison is not eligible for relief under Amendment 794 and his Motion (Record Document 848) is **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of January, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT