**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 09-00279-09** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **JAMES T. HARRISON, JR. (09)** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Defendant James T. Harrison, Jr. ("Defendant") is before the Court on a document titled "Motion for Requesting to Challenged the Validity of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § Amendment # 782." Record Document 881. In the document, Defendant seeks to have the Court explain why he "only received five months off from the crack law, 18 U.S.C. §3582(c)(2) and U.S.S.G. §Amendment #782 . . . ." Id. Additionally, he seeks an explanation from the Court as to how the "mandatory minimum [for his crime] went from five years to ten years then to 20 years." Id. Defendant also urges the Court to correct the errors in the sentence that it imposed. Given his reference to a five-month reduction, the Court assumes that Defendant is referring to his resentencing under Dorsey v. U.S., 132 S.Ct. 2321 (2012), on December 16, 2013, where he received a five-month reduction to his prior sentence (Record Documents 647 & 648), which was imposed on September 8, 2010. See Record Document 357.

Ultimately, the Court is not sure how to characterize this motion. Because Defendant seeks a correction of his sentence, the Court could construe it as a motion under 28 U.S.C. §2255. Section 2255 provides a prisoner in federal custody the ability to collaterally attack a sentence by "mov[ing] the court which imposed the sentence to

vacate, set aside, or correct the sentence." Defendant has previously filed a Section 2255 motion in this case. See Record Document 430. That motion was denied. See Record Document 700. Therefore, because this is a "second or consecutive" Section 2255 motion, it must be "certified … by a panel of the appropriate court of appeals . . . ." 28 U.S.C. §2255(h). Without approval from the court of appeal, the district court lacks jurisdiction over a second or successive habeas petition. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). This bar applies regardless of how the petitioner's filing is titled or captioned; rather, it is the relief sought therein that is determinative. Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005). As such, insofar as the motion is construed as a Section 2255 motion, it is hereby **DENIED** and **DISMISSED** without prejudice.

Alternatively, the Court could construe this motion as one under 18 U.S.C. §3582 (c). If it does so, the Court must assume that Defendant is arguing that a guideline recalculation should have occurred for purposes of his resentencing on December 16, 2013. Having reviewed the record thoroughly, the Court notes that even if a guideline recalculation had occurred at that time, the guideline range would have remained unchanged. Additionally, the Court did recalculate the guidelines in 2017. See Record Document 833 & 844. Because of the recalculation in 2017, Defendant's guideline range was reduced and his sentence was reduced accordingly. Therefore, any objection to the Court's failure to recalculate the guidelines prior to 2017 is moot. Thus, insofar as this motion is considered a Section 3582 motion, it is **DENIED** as moot.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of January, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT