UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:09-CR-00279-09** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JAMES T. HARRISON, JR. (09)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING AND ORDER

Before the Court is a pro se Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018 ("FSA"), filed by Defendant James T. Harrison, Jr. [ECF No. 920]. Pursuant to his motion, Harrison moves the Court to reduce his sentence to time served. For the reasons set forth below, the motion is DENIED.

On February 17, 2010, Harrison pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (Count 2). [ECF No. 177]. On September 8, 2010, Harrison was sentenced to 240 months incarceration, followed by a ten-year term of supervised release. [ECF No. 358]. At the sentencing hearing, counsel for Defendant asked that Harrison be sentenced in accordance with the Fair Sentencing Act of 2010. The sentencing court declined to sentence Harrison in accordance with the Fair Sentencing Act, finding the Act did not apply to offenders who were sentenced after passage of the Act, but whose offense conduct occurred prior to passage of the Act. [ECF No. 396 at 8]. Thereafter, the Supreme Court held "that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."[1] *Dorsey v. United*

---

[1] Thus, *Dorsey* benefitted only a small subset of offenders – i.e., those who committed their illegal conduct before passage of the Fair Sentencing Act but whose sentencing proceedings took place after passage of the Act; defendants who were sentenced prior to passage of the Act were afforded no relief at all.

*States*, 567 U.S. 260, 281 (2012). On October 4, 2013, the sentencing court granted Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, finding that Defendant was entitled to be resentenced in accordance with the Fair Sentencing Act of 2010 in light of *Dorsey*. [ECF No. 599]. On December 16, 2013, a resentencing hearing was held, and the Court reduced Defendant's term of incarceration to 235 months. [ECF No. 648]. On May 25, 2017, the Court reduced Defendant's sentence to 188 months, pursuant to retroactive amendments to the sentencing guidelines. [ECF No. 833].

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive to those defendants sentenced prior to passage of the Fair Sentencing Act. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—**No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010** . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.* (emphasis added).

As set forth above, on December 16, 2013, Harrison's sentence was reduced in accordance with the Fair Sentencing Act of 2010. [ECF Nos. 599, 647, 648]. Accordingly, the Court is prohibited from granting further relief under the First Step Act of 2018. For these reasons, Harrison's motion [ECF No. 920] is DENIED.

SIGNED this 5th day of August, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE