UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-09 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES T. HARRISON, JR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner James T. Harrison's ("Harrison") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 946. Harrison appears to be seeking compassionate release and/or release to home confinement. See id. The Government has opposed Harrison's motion. See Record Document 950. For the reasons set forth below, Harrison's Motion for Compassionate Release/Release to Home Confinement is hereby **DENIED**.

**BACKGROUND**

On February 17, 2010, Harrison pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 177-178. On September 8, 2010, the Court sentenced Harrison to 240 months imprisonment. See Record Documents 357-358. The Presentence Investigation Report ("PSR") attributed the defendant with distributing at least eight and one-half kilograms of crack cocaine. See PSR at ¶ 22. Harrison was resentenced on December 16, 2013 and the Court imposed a 235 month sentence. See Record Documents 647-648. On May 25, 2017, the Court once again reduced Harrison's sentence to 188 months in light of the First Step Act. See Record Documents 833-834.

Harrison is currently incarcerated at Dallas RRM. His projected release date is March 10, 2022.

## LAW AND ANALYSIS

Harrison seeks compassionate release and/or release to home confinement due to his age (53) and race (African-American). See Record Document 946. He also cites the medical condition of obesity and ongoing medical issues from his previous diagnosis of COVID-19 in July 2020 as grounds for release. See id. Harrison questions whether he would survive another COVID-19 infection. See id.

Home Confinement

Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/ 1266661/download (last visited 6/2/2021).

Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners.  See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence.  See id.  "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court."  Id.  The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment."  Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement.  However, such decisions still remain exclusively with the BOP.  Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act.  See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.  The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While

the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); U.S. v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Harrison's request for early release to home confinement is **DENIED**.

Compassionate Release

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Harrison moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Harrison has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Harrison's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the

prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Harrison cites his age, race, and obesity as the basis for his compassionate release. The Government conceded Harrison has at least one health condition – obesity – recognized by the CDC as a COVID-19 risk factor, thus comprising an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, this Court does not believe granting compassionate release in this case would comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Harrison's offense and his history and characteristics disfavor release. Harrison was part of a large scale crack cocaine distribution conspiracy. He also had a previous conviction for distribution of cocaine and previous convictions for felony cocaine possession. See PSR at 48-49, 52-53, 54-55. In relation to these previous cases, Harrison has been placed on probation three times and such probation has been revoked or terminated unsatisfactorily twice. See PSR at ¶¶ 45, 49, 57. Harrison's failures to comply with the conditions of probation clearly show a lack of respect for the law. It is the Court's belief that a reduced sentence in this case would

not be just punishment, would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Harrison's Motion for Compassionate Release/Release to Home Confinement (Record Document 946) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of October, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT